101 F.3d 109
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Jairo ALVAREZ-BUITRAGO and Ivan Alvarez-Buitrago, Defendants.
Guillermo LEON-LOPEZ, Defendant-Appellant.
 No. 95-1453.
 United States Court of Appeals, Second Circuit.
 March 26, 1996.
 
 1
 APPEARING FOR APPELLANT: Joseph A. Bondy, Canton & Jasper, New York, New York.
 
 
 2
 APPEARING FOR APPELLEE: Bruce G. Ohr, Assistant United States Attorney for the Southern District of New York, New York, New York.
 
 
 3
 S.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Before MAHONEY, McLAUGHLIN and CALABRESI, C.J.
 
 
 6
 1. Defendant-appellant Guillermo Leon-Lopez appeals from a judgment entered July 28, 1995 that convicted him, after a jury trial and the denial of a posttrial motion for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure and for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure, of possessing cocaine with the intent to distribute it in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A), and conspiracy to possess cocaine with the intent to distribute it in violation of 21 U.S.C. § 846. See United States v. Leon-Lopez, No. 91 Cr. 73(SWK), slip op. (S.D.N.Y. June 21, 1995) (opinion denying posttrial motion). Leon-Lopez argues that he received ineffective assistance of counsel both because his trial attorney, Joel Cohen, performed inadequately and because Cohen's prior representation of another individual arrested in the same sting operation created a conflict of interest. Leon-Lopez also claims that misconduct on the part of government agents involved in his case also requires reversal.
 
 
 7
 2. We affirm substantially for the reasons stated in the thorough opinion of the district court. See id. at 17-34.